IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03398-MSK-KLM

DAVID KAISER,

    Plaintiff,

v.

LIGHTHOUSE RECOVERY ASSOCIATES, LLC,,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default Judgment** [Docket No. 10; Filed April 4, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court for recommendation. [#11]. Plaintiff seeks a default judgment against Defendant Lighthouse Recovery Associates, LLC ("Defendant"). For the reasons set forth below, the Court recommends that the Motion [#10] be **GRANTED IN PART**.

## I. BACKGROUND

**A.    Procedural History**

Plaintiff initiated this lawsuit on December 29, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). [#1] at 4-7. Defendant was served with the Summons and Complaint on January 27, 2012. [#5]. Defendant, however, failed to answer or otherwise respond to Plaintiff's Complaint. Following Plaintiff's request for entry of

default pursuant to Fed. R. Civ. P. 55(a) [#6], the Clerk of Court entered default against Defendant on March 21, 2012. [#8]. Defendant has not responded to the Clerk's entry of default or the present Motion.

**B.    Factual Allegations**

According to the Complaint, Plaintiff incurred a debt for family, personal or household expenses and the debt was acquired by Defendant for collection. [#1] at 2-3. Plaintiff alleges that he received a letter dated June 14, 2011 sent by Defendant through the Powell Law Office on Powell Law Office letterhead. *Id.* at 3. The letter states:

> An attorney will soon be assigned to review the file for the purpose of additional collection activity, and/or litigation, and/or possible referral to [a] law firm situated in your city and county of residence. In some cases, with authorization, and if you can be qualified, we will arrange for installment payments of the entire balance providing you call or contact us promptly.

*Id.* Plaintiff alleges that no attorney or agent of Powell Law Office is licensed to practice law in Kansas. *Id.* at 4.

On November 21, 2011, an agent or employee of the Powell Law Office contacted Plaintiff. *Id.* Plaintiff alleges that the agent or employee acted on behalf of Defendant and "threatened to file a legal action against Plaintiff 'for presenting a worthless order or draft pursuant to KS 21-3707.'" *Id.* Based on these factual allegations, Plaintiff claims that Defendant violated multiple provisions of the FDCPA.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit. Here, entry of default was proper because Defendant failed to respond to Plaintiff's Complaint. Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate

basis for the entry of judgment and whether the damages can be ascertained.

**A.     Jurisdiction**

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs., Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

**1.     Subject Matter Jurisdiction**

Plaintiff asserts that the Court has jurisdiction over this matter because the action arises out of alleged violations of the FDCPA. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter.

Additionally, pursuant to the jurisdictional provision of the FDCPA, 15 U.S.C. § 1692k(d), a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." Plaintiff filed this action on December 29, 2011. [#1]. Plaintiff alleges that the two offending actions occurred on or about June 14, 2011 and November 21, 2011. *Id.* at 3-4. Both of these occurrences are within one year of the date of filing of Plaintiff's Complaint. The Court therefore finds that Plaintiff's allegations satisfy

3

the jurisdictional provision of the FDCPA. Accordingly, the Court finds that it has subject matter jurisdiction over this dispute.

### 2. Personal Jurisdiction

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773.

The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff's Complaint identifies Defendant as a limited liability corporation. [#1] at 2. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association. Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). On February 14, 2012, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to an authorized agent of Defendant. [#5]. The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(h).

"Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203. Plaintiff asserts in the Complaint that Defendant transacts business in Colorado and, according to the Better Business Bureau,[1] has an address in Centennial, Colorado. [#1] at 1. The Court therefore finds that it has personal jurisdiction over Defendant.

## B.    Factual Basis for Default Judgment

Even after a proper entry of default, the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting

---

[1] *Lighthouse Recovery Associates, LLC*, BETTER BUSINESS BUREAU (Oct. 17, 2012), http://www.bbb.org/denver/business-reviews/collection-agencies/lighthouse-recovery-associates-in-denver-co-90007534.

*Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Undisputed facts set forth by the moving party in affidavits and exhibits are also accepted as true. *Id.*

### 1. Plaintiff's FDCPA Claims

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). All of Plaintiff's claims against Defendant in this case allege violations of the FDCPA. Specifically, Plaintiff alleges that Defendant's debt collection practices violated 15 U.S.C. §§ 1692e(5), 1692e(10), 1692f, and 1692g(b). [#1] at 4-7. Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of judgment against Defendant for violations of 15 U.S.C. §§ 1692e(5) and 1692e(10). The Court finds, however, that the allegations fail to support entry of judgment against Defendant for violations of 15 U.S.C. §§ 1692f and 1692g(b).

#### i. 15 U.S.C. § 1692e(5)

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action on a debt that could not be legally taken and threatening to bring an action pursuant to a repealed statute. *Id.* at 4-5. U.S.C. § 1692e(5) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

Additionally, "[l]iability under § 1692e arises even when the misrepresentation was neither knowing nor intentional." *Santacruz v. Standley & Assocs., LLC*, Civil Action No. 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *3 (D. Colo. Mar. 17, 2011).

Plaintiff alleges that, on or about November 21, 2011, an agent or employee of Powell Law Office acted on behalf of Defendant and "threatened to file a legal action against Plaintiff 'for presenting a worthless order or draft pursuant to KS 21-3707.'" [#1] at 4. K.S.A. 21-3707 was repealed on July 1, 2011.[2] It prohibited the act of "Giving a Worthless Check" and provided, in part:

> Giving a worthless check is the making, drawing, issuing or delivering or causing or directing the making, drawing, issuing or delivering of any check, order or draft on any bank, credit union, savings and loan association or depository for the payment of money or its equivalent with intent to defraud and knowing, at the time of the making, drawing, issuing or delivering of such check, order or draft, that the maker or drawer has no deposit in or credits with the drawee or has not sufficient funds in, or credits with, the drawee for the payment of such check, order or draft in full upon its presentation.

*Moral v. Hagen*, Civil Action No. 10-2595-KHV/KGG, 2011 WL 2746833, at *2 (D. Kan. July 14, 2011).

"[T]he threat to file suit, an authorized method of collecting a debt, is not generally a threat 'to take any action that cannot legally be taken' in violation of § 1692e(5)." *Hollis*

---

[2] *House Bill No. 2668*, LEGISLATURE OF THE STATE OF KANSAS (Oct. 17, 2012), http://www.kansas.gov/government/legislative/bills/2010/2668.pdf.

7

*v. Stephen Bruce & Assocs.*, No. CIV-07-131-C, 2007 WL 4287623, at *2 (W.D. Okla. Dec. 5, 2007) (quoting 15 U.S.C. § 1692e(5)). However, in this case, Defendant allegedly threatened to file a legal action against Plaintiff pursuant to a repealed criminal statute. Accepting these facts as true, Defendant impermissibly threatened to file a civil legal action pursuant to a repealed criminal statute. Accordingly, the Court recommends that default judgment be entered against Defendant for violating 15 U.S.C. § 1692e(5).

### ii.     15 U.S.C. § 1692e(10)

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10) by using "false representations and deceptive practices" to collect a debt when it sent Plaintiff a letter leading Plaintiff to falsely believe it was from "an attorney licensed to practice in his jurisdiction." *Id.* at 5. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

The standard for determining whether a debt collection practice violates the FDCPA is objectively based on whether the "least sophisticated consumer" would find the practice deceptive or misleading. *See Ferree v. Marianos*, No. 97-6061, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) ("[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives.")). The least sophisticated

consumer may, however, "be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Here, Plaintiff alleges that the statement that "'[an] attorney will soon be assigned to review the file . . .'" and the fact the letter was sent on Powell Law Office's letterhead "would lead the Least Sophisticated Consumer to believe that the letter is indeed from an attorney licensed to practice in his jurisdiction." [#1] at 3-4.  Citing to the membership directory of the State Bar of Kansas, Plaintiff alleges that "no attorney employee and/or agent of Powell Law Office is licensed to practice law in Kansas." *Id.* at 4.

In *Rosa v. Gaynor*, 784 F. Supp. 1 (D. Conn. 1989), an out-of-state attorney wrote a letter to a consumer in Connecticut stating, "we may be forced to proceed with a lawsuit." On a motion for summary judgment, the court found that the letter violated 15 U.S.C. § 1692e.  *Id.*  The court held that the letter provided a false sense of urgency because it failed to disclose that the attorney was not admitted to practice in the consumer's state.  *Id.* at 4.  Additionally, the letter was misleading because it failed to clarify that the debt collector, as opposed to the attorney, would make the decision whether to file a lawsuit and any lawsuit would require hiring local counsel.  *Id.* at 4-5.

In *O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010 (D. Colo. 1997), an out-of-state attorney wrote a letter to a consumer in Colorado to make a settlement offer.  On a motion for summary judgment, the court found that the letter did not violate 15 U.S.C. § 1692e. *Id.*  The court distinguished the case from *Rosa* because the letter in question stated that if a lawsuit was filed, it would be handled by a Colorado attorney.  *Id.* at 1018.  It also made clear that the Defendant debt collector would decide whether to sue, not the attorney who

drafted the letter. *Id.*

The rationale of *Rosa* is persuasive in this case. Like in *Rosa*, the letter here provided a false sense of urgency because it failed to state that Defendant, as opposed to the Powell Law Office, would decide whether to sue Plaintiff and the letter stated that, "we will arrange for installment payments of the entire balance providing you call or contact us *promptly*." [#1] at 3 (emphasis added). Additionally, it failed to disclose that the employees of the Powell Law Office were not admitted to practice law in Kansas. *See id.* The letter does allude to the fact Defendant may need to hire local counsel when it states, "[a]n attorney will soon be assigned to review the file for the purpose of . . . possible referral to law firm situated in your city and county of residence." *Id.* at 3. However, Plaintiff's allegations are sufficient to show that the least sophisticated consumer might have believed that the letter was sent by a law office with at least one attorney licensed to practice law in Kansas and that the consumer's response was urgent. *See Rosa*, 784 F. Supp. 1. The Court therefore recommends that a default judgment be entered against Defendant for violating 15 U.S.C. § 1692e(10).

### iii. 15 U.S.C. § 1692f

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f by using "unfair or unconscionable means" to collect a debt when it sent Plaintiff a letter leading Plaintiff to falsely believe it was from "an attorney licensed to practice in his jurisdiction." *Id.* at 6. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

>    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

>    (B) there is no present intention to take possession of the property; or

>    (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Plaintiff fails to allege what specific subsection of 15 U.S.C. § 1692f was violated. A complaint must sufficiently allege "facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. July 26, 2007). Plaintiff presents no factual allegations that Defendant violated 15 U.S.C. § 1692f. For example, Plaintiff fails to allege that Defendant received any payment from Plaintiff, caused Plaintiff to incur any charges, took or threatened to take nonjudicial action, or communicated with Plaintiff via post card. The Court therefore finds that the allegations are insufficient to support a default judgment for the alleged violation of 15 U.S.C. § 1692f.

### iv. 15 U.S.C. § 1692g(b)

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(b) by threatening to take action on a debt that could not be legally taken and threatening to bring an action pursuant to a repealed statute. *Id.* at 7. 15 U.S.C. § 1692g(b) provides:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. §§ 1692g(a)(1-5) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff alleges that Defendant "violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including its implicit threat of legal action within the 30 day period, where there was no explanation of the relationship to Plaintiff's rights under section 1692g(b)." [#1] at 7.

Section 1692g(b) establishes requirements for debt collectors "[i]f the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor . . ." In this case, Plaintiff fails to allege that he sent any written notification to Defendant.  Accordingly,

Plaintiff failed to sufficiently assert that his rights pursuant to section 1692(b) were triggered. The Court therefore finds that the allegations are insufficient to support a default judgment based on an alleged violation of 15 U.S.C. § 1692g(b).

### 2. Damages

In addition to finding that Plaintiff has a legal basis for relief, a default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.*

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, "[a]though upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In his Motion, Plaintiff requests entry of a default judgment in the amounts of $1,000.00 in statutory damages, $2,500.00 in attorney's fees, and $425.00 in court costs. [#10] at 1. The Court addresses each in turn.

#### i. Statutory Damages

The FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15 U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Servs. of Norwalk*, 22 F.3d 647, 650-52 (6th Cir. 1994); *Harper v. Better Bus. Servs. Inc.*, 961 F.2d 1562, 1563 (11th Cir. 1992). Thus, regardless of whether Plaintiff establishes a single violation or several

violations of the FDCPA, the amount of statutory damages remains the same. *See Harper*, 961 F.2d at 1563. "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)). Thus, a determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages. *Santacruz v. Stanley & Assoc., LLC*, 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011).

Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages"); *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to Section 1692k(b)(1)).

As stated herein, the Court finds that Defendant violated 15 U.S.C. §§ 1692e(5) and 1692e(10). In light of these violations and Defendant's failure to respond to Plaintiff's Complaint, the Court recommends finding that the nature and willfulness of Defendant's noncompliance with the FDCPA justifies an award of $1,000 in statutory damages against Defendant.

    **ii.**    **Attorneys' Fees and Costs**

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the

party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff proposes that the Court award reasonable attorney's fees in the amount of $2,500.00. [#10] at 1. Plaintiff failed to submit any billing records to demonstrate to the Court that the hours billed and the hourly rate charged are reasonable. However, the FDCPA does not establish "an affirmative duty on attorneys to submit documentation when requesting attorney fees. Rather, the statute permits the *court* to set fees that are reasonable." *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1509 (D.N.M. 1994) (emphasis in original). Therefore, the Court has the discretion to set a "reasonable hourly rate" based on the "prevailing market rates in the relevant community." *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1207 (D.N.M. 2011) (citations and quotations omitted).

Here, Plaintiff's counsel has prepared and filed: 1) an eight-page Complaint [#1]; 2) a two-page Application for Entry of Default [#6] with a two-page Declaration [#6-2] by Plaintiff's counsel; and 3) a two-page "Motion for Default Judgment" [#10] with the same Declaration [#10-2]. In these filings, Plaintiff asserts that Defendant violated multiple provisions of the FDCPA. Other than citing the statutory provisions in his Complaint, he cites no case authority in any of his filings. Therefore, in light of: (1) the straight-forward nature of the case; (2) the fact that Plaintiff's claims are based on the FDCPA; and (3) Defendant's failure to respond to any of Plaintiff's filings, the Court recommends awarding $1,500.00 of the Plaintiff's proposed attorney's fees. *See Ramos*, 713 F.2d at 554. The

Court recommends the lodestar calculation of $1,500.00 after determining that $250.00 is a reasonable hourly billing rate, and six hours is a reasonable number of attorney hours expended on the pleadings submitted. Lastly, costs are to be determined by the Clerk of Court based on the filing of a Bill of Costs after judgment.

### III.  RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#10] be **GRANTED IN PART**, as set forth above, and that a default judgment be entered in favor of Plaintiff and against Defendant in the amounts of $1,000.00 in statutory damages and $1,500.00 in attorney's fees plus taxable costs.

Pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 22, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge